FILED

JUL 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John Sullivan<br>1648 E. 44th Street<br>Tulsa, Oklahoma 74105<br><br>    Plaintiff,<br><br>v.<br><br>Officer S. Humphrey<br>United States Capitol Police<br>119 D Street, NE<br>Washington, DC 20510,<br><br>Officer R. Moore<br>United States Capitol Police<br>119 D Street, NE<br>Washington, DC 20510,<br><br>and<br><br>UNITED STATES OF AMERICA<br><br>    Defendants.<br><br>Serve on:<br>Alberto Gonzales<br>Attorney General of the United States<br>Department of Justice<br>10th Street & Constitution Avenue<br>Washington, DC 20530<br><br>Kenneth L. Wainstein<br>United States Attorney<br>Department of Justice<br>555 4th Street, NW<br>Washington, DC 20530 | Case No. _____<br><br>CASE NUMBER 1:05CV01418<br><br>JUDGE: Colleen Kollar-Kotelly<br><br>DECK TYPE: Personal Injury/Malprac<br><br>DATE STAMP: 07/18/2005 |

## COMPLAINT

COMES NOW the Plaintiff, John Sullivan, by and through undersigned counsel, and moves this Honorable Court for judgment against Defendants Officer R. Moore, Officer S. Humphrey and the United States of America, and in support thereof states the following:

## BACKGROUND FACTUAL STATEMENT

1. Plaintiff is a citizen of the state of Oklahoma, residing at 1648 E. 44th Street, Tulsa, Oklahoma 74105. Plaintiff also maintains a business address at 114 Cannon House Office Building, Washington, D.C. 20515.

2. Defendants R. Moore and S. Humphrey are U.S. Capitol Police officers.

3. The causes of action alleged herein occurred and/or accrued within the jurisdictional boundaries of the District of Columbia on or about July 23, 2003.

4. The causes of action arise from acts or omissions by Defendants occurring near the premises at 114 Cannon House Office Building, Washington, D.C.

5. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1346 (b) and 1402(b).

6. The acts or omissions complained of occurred within the District of Columbia.

7. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, Plaintiff, John Sullivan, submitted Standard Form 95 (Claim for Damage, Injury or Death) to the Office of General Counsel of the United States Capitol Police on March 17, 2005. A denial letter was requested and such letter and permission to pursue a lawsuit was received on or about June 23, 2005. Plaintiff's Complaint is filed within six (6) months thereafter.

8. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1402(b).

9. Service of process on Defendant may be accomplished pursuant to Rule 4 of the Fed. R. Civ. P.

10. At all times material hereto, Officer S. Humphrey was an employee, agent, apparent agent and/or ostensible agent of the United States Capitol Police.

11. At all times material hereto, Officer R. Moore was an employee, agent, apparent agent and/or ostensible agent of the United States Capitol Police.

12. On Wednesday, July 23, 2003, at approximately 1:00 p.m., Mr. Sullivan was a passenger in a vehicle driven by Elizabeth Bartheld. Mr. Sullivan was returning from a speech given to a private group in Georgetown, Washington, D.C.

13. The vehicle's driver, Elizabeth Bartheld, was traveling at a safe rate of speed and obeying all signs and signals. The vehicle, traveling northbound, approached the security stop at the South Barricade of the Cannon House Office Building.

14. The vehicle driver was approaching the site from a speech to a private group and was seeking to park before returning to work activities. At the security stop, both Mr. Sullivan and Ms. Bartheld presented identification to Officer S. Humphrey, a Capitol Police Officer who was stationed at the entrance to the South Barricade, identifying and verifying the identities of Plaintiff and Ms. Bartheld, along with a passenger in the rear seat.

15. After the individuals presented their identification, Officer S. Humphrey motioned by hand to Ms. Bartheld to proceed through the barrier. At the time that Officer S. Humphrey motioned for Ms. Bartheld to proceed forward, the security barrier was lowered and the light indicating that she could proceed was marked.

16. Officer R. Moore was stationed in the South Kiosk and was exclusively responsible for raising and lowering the security barrier. Officer S. Humphrey motioned to Officer R. Moore while Ms. Bartheld's vehicle was approaching the second barrier.

17. Ms. Bartheld was paying full time and attention and traveling at a safe rate of speed and observing all signs and instructions.

18. Officer S. Humphrey improperly used a hand signal to inform Officer R. Moore, who was on a cell phone not paying full time and attention to his duties and responsibilities, to keep the security barrier lowered while the vehicle proceeded through the second barrier. When the vehicle lawfully and safely approached the security barrier, Officer R. Moore, who was on a cell phone or otherwise not paying full time and attention, improperly and with gross negligence raised the security barrier which struck the front bumper and undercarriage of the vehicle.

19. Officer R. Moore intentionally and willfully failed to pay full time and attention and acted in a reckless and wanton manner, directly and proximately causing the damage to the vehicle and injuries to Mr. Sullivan.

20. Due to the force by which the barrier was raised and collided with the vehicle, the airbags inside the vehicle were deployed. Mr. Sullivan suffered serious injury to his left eye directly and proximately caused by the raising of the security barrier. The gross acts of negligence were foreseeable.

21. Mr. Sullivan was taken to the George Washington University Medical Center Emergency Room where he received emergency treatment and has suffered multiple injuries as a direct

and proximate result of Officer R. Moore's and Officer S. Humphrey's gross negligence which was foreseeable and preventable.

22. Mr. Sullivan has suffered permanent and disabling injuries which have caused him pain, suffering and resulting damages.

23. Plaintiff's injuries sustained as a result of the gross negligence caused by Defendants prevent him from pursuing certain ordinary activities; have affected him medically; and have caused pain, suffering and economic loss to Plaintiff.

## COUNT I - NEGLIGENCE

24. Plaintiff adopts, realleges and reaffirms each and every allegation contained in paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Officers Humphrey and Moore, stationed at the security barriers, had a high duty to Plaintiff to raise and lower the security barriers at the appropriate times in a reasonable and careful manner. The Officers had a duty to pay full time and attention and not to raise the security barriers while a vehicle was traveling over the security barriers. Each Officer wantonly and grossly failed to act with the care of a reasonably prudent officer under similar circumstances.

26. The United States Capitol Police, by and through its agents and employees, was grossly negligent and careless and failed to comply with minimum standards of safety, care and training.

27. The United States Capitol Police, by and through the conduct of Officers Humphrey and Moore, was grossly negligent in allowing the security barrier to be raised while the vehicle in which Mr. Sullivan was traveling proceeded over the security barrier.

28. Officers S. Humphrey and R. Moore breached their duties to Plaintiff by not giving full time, attention and consideration to the performance of their job responsibilities, which caused Mr. Sullivan to sustain severe and permanent injuries. But for the negligence of the officers, the security barrier would not and could not have been raised under the vehicle, the air bags would not have deployed, and the injuries to Mr. Sullivan's eye would not have occurred.

29. It was reasonably foreseeable that Defendants' conduct would result in injury to person and/or property.

30. Plaintiff has suffered pain and economic losses due to Defendants' gross negligence.

WHEREFORE, Plaintiff John Sullivan moves this Honorable Court for entry of judgment against each Defendant, jointly and severally, in an amount to be determined by the Court based on the testimony and evidence, plus costs and expenses, prejudgment and post judgment interest, and such further legal and equitable relief as this Court deems just and proper.

## COUNT II - RES IPSA LOQUITUR - NEGLIGENCE

31. Plaintiff hereby adopts, realleges and re-affirms each and every allegation contained in paragraphs 1-30 of this Complaint, as though fully set forth herein.

32. The security barriers were in the exclusive control and operation of Defendants. The security barriers would not normally be operated while a vehicle is approaching and attempting to proceed over it absent negligence.

33. The security barriers which caused the Plaintiff's injuries were within Defendants' exclusive control and operation at the time of injury.

34. Plaintiff John Sullivan and the driver were free from any and all acts or omissions that could give rise to negligence.

35. Therefore, the doctrine of *Res Ipsa Loquitur* should apply and negligence should be presumed. Plaintiff has suffered damages, injury, pain and suffering and economic damages.

WHEREFORE, Plaintiff John Sullivan moves this Honorable Court for entry of judgment against each Defendant, jointly and severally, in an amount to be determined by the Court based on the testimony and evidence, plus costs and expenses, prejudgment and post judgment interest, and such further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

JOHN SULLIVAN

_____
Patricia M. Thornton (D.C. Bar No. 354951)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770
(301) 345-7001 (phone)
(301) 345-7075 (facsimile)
Counsel for Plaintiff John Sullivan

_____
Brad D. Weiss (D.C. Bar No. 370947)
CHARAPP & WEISS, LLP
8300 Greensboro Drive
Suite 200
McLean, Virginia 22102
(703) 564-0220 (phone)
(703) 564-0221 (facsimile)
Co-Counsel for Plaintiff John Sullivan