UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN, ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action No. 05-1418(CKK) |

**DEFENDANT UNITED STATES' MOTION TO DISMISS**,
**OR ALTERNATIVELY, FOR A STAY**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant United States respectfully moves to dismiss this suit for lack of subject matter jurisdiction or failure to state a claim upon which the Court may grant relief. Alternatively, the United States moves for a stay up to and including August 31, 2006 to provide plaintiff an opportunity to file a claim pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq. for the injuries allegedly sustained as a result of the incidents described in plaintiff's complaint, and for the U.S. Department of Labor, which has jurisdiction to review FECA claims, to issue its determination on plaintiff's claim. Pursuant to Local Rule 7(m), the United States' counsel contacted plaintiff's counsel regarding the proposed stay and was informed that plaintiff opposes the stay.

    A proposed order consistent with this Motion is attached hereto.

Date: October 14, 2005                    Respectfully Submitted,


                                          /s/ Kenneth L. Wainstein /dvh
                                          _____
                                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                          United States Attorney


                                          /s/ R. Craig Lawrence
                                          _____
                                          R. CRAIG LAWRENCE, D.C. BAR # 171538
                                          Assistant United States Attorney


                                          /s/ Beverly M. Russell
Of Counsel:                               _____
Scarlett D. Grose,                        BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant Counsel                         Assistant United States Attorney
United States Capitol Police              U.S. Attorney's Office for the District of Columbia,
                                           Civil Division
                                          555 4th Street, N.W., Rm. E-4915
                                          Washington, D.C.  20530
                                          Ph:  (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 05-1418(CKK) |
| v. | ) |
| | ) |
| OFFICER S. HUMPHREY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT UNITED STATES' MOTION TO DISMISS,
OR ALTERNATIVELY, FOR A STAY**

Pursuant to Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure, defendant United States of America moves to dismiss this suit brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, for lack of subject matter jurisdiction or failure to state a claim.  Alternatively, defendant moves for a stay to provide plaintiff an opportunity to file a claim pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq. for the injuries allegedly sustained as a result of the incidents described in plaintiff's complaint.  Defendant's reasons for bringing this motion are more fully set forth below.

**I.   BACKGROUND**

Plaintiff, a member of Congress representing the First District of Oklahoma, alleges that, on Wednesday, July 23, 2003 at approximately 1:00 pm, he was injured when a security barrier at the Cannon House Office Building was improperly raised striking the car in which he was a passenger causing the air bags to deploy.  Ex. 1, Claim

for Damage, Injury, and Death (Supplemental Statement, First Page). A member of plaintiff's staff was the driver of the vehicle. Id. In his civil complaint, plaintiff states that he maintains a business address at 114 Cannon House Office Building, Washington, D.C. and that, at the time of the accident, he was "returning from a speech given to a private group in Georgetown, Washington, D.C." Compl. ¶¶ 1 and 12. Plaintiff claims that he "suffered serious injury to his left eye directly and proximately caused by the raising of the security barrier." Id. ¶ 20.

As the result of an inquiry from defendant's counsel, on October 7, 2005, the Department of Labor (also referred to as "DOL") issued an opinion on whether the claims as alleged in plaintiff's suit might be covered by FECA. Ex. 2, Declaration of Edward G. Duncan and Attachment A thereto. DOL concluded that there is a significant possibility that plaintiff's claim for compensation for the injuries described in his complaint would be covered under the statute. Ex. 2, Duncan Decl. ¶ 5.

## II.   APPLICABLE STANDARDS

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987). Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure

that they are acting within the scope of their jurisdictional power." 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

### B.    Motion for Failure to State a Claim

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id.

### III.    ARGUMENT

The FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The FECA provides that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty. . ." 5 U.S.C. § 8102(a); 20 C.F.R. § 10.1.

A wide range of benefits is provided for work-related injuries covered by FECA, including payment of wage loss compensation, schedule awards for permanent loss or loss of use of specified members of the body, related medical costs and vocational rehabilitation.

Central to the FECA statutory scheme is the role of the Secretary of Labor, who has the authority to administer and to decide all questions arising under the FECA. 5 U.S.C. § 8145. The FECA further authorizes the Secretary to prescribe rules and regulations necessary for the administration and enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated the authority provided by § 8145 and § 8149 to the Director of the Office of Workers' Compensation Programs ("OWCP"), who is responsible for the administration and implementation of the FECA. 20 C.F.R. § 10.2.

The FECA provides that compensation can only be awarded if the employee or someone on his or her behalf makes a claim which must among other things be in writing and delivered to the Secretary or her designee. 5 U.S.C. § 8121. Once OWCP receives a notice of a claim, the OWCP may perform "such investigation as [the OWCP] deems necessary" prior to making an award for or against payment of compensation. 5 U.S.C. § 8124(a). The OWCP accordingly undertakes factual and medical development in adjudicating a claim for FECA benefits.

Once a decision suspending, denying or reducing a benefit has been rendered by OWCP, if a claimant disagrees with OWCP's final determination, the FECA provides numerous opportunities for administrative review. From the date of the decision, the

claimant may: 1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, 5 U.S.C. § 8124, 20 C.F.R. §§10.615-10.622; 2) within one year, request reconsideration, 5 U.S.C. § 8128, 20 C.F.R. §§10.605-10.610; or 3) within one year, file an appeal with the Employees' Compensation Appeals Board. 20 C.F.R. Part 501. A claimant has a hearing as of right if the request is filed within 30 days of the initial decision. 20 C.F.R. § 10.616. Those requests filed after 30 days are subject to the discretion of OWCP. Id. Requests for reconsideration are to be filed within one year and must contain a relevant new argument, or relevant new evidence or show that OWCP erroneously applied or interpreted a point of law. 20 C.F.R. §§ 10.606 & 10.607(a). OWCP will consider requests not filed within one year only if the application demonstrates clear evidence of error on the part of OWCP in its most recent merit decision. 20 C.F.R. § 10.607(b). The Board's jurisdiction is strictly limited to those decisions issued within one year of the notice of appeal. 20 C.F.R. §501.3(d).

While the FECA establishes a comprehensive compensation scheme under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths, Congress provided a remedy in the FECA that is exclusively administrative. Where an injury is covered under the FECA, the remedy provided by the FECA is "exclusive and instead of all other liability of the United States" to the injured employee. 5 U.S.C. § 8116(c); Lockheed Aircraft Corp. v. United States, 460 U.S. 190,

193-194 (1983). Congress has specifically foreclosed judicial review of determinations under the FECA, as 5 U.S.C. § 8128 (b) provides in pertinent part:

> The action of the Secretary or [her] designee in allowing or denying a payment under this subchapter is --
> (1) <u>final and conclusive for all purposes and with respect to all questions of law and fact</u>; and,
> (2) <u>not subject to review by another official</u> of the United States <u>or by a Court</u> by mandamus or otherwise.

5 U.S.C. § 8128(b) (emphasis added).

Pertinent to this suit, Edward G. Duncan, Deputy Director for Federal Employees' Compensation, has issued an opinion stating,

> Section 8101(1)(A) of the FECA (5 U.S.C. § 8101(1)(A)) provides that employee means "a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States." Elected officials in the legislative branch of the United States Government have regularly been afforded coverage under the FECA for injuries they have sustained in the performance of the duties of the positions to which they have been elected. See, for example, FECA Program Memorandum No. 213, issued October 28, 1976, which concluded that elected officials of the District of Columbia Council are covered by the provisions of the FECA.
>
> With regard to the circumstances of the July 23, 2003 injury, the complaint alleges that Mr. Sullivan was a passenger in a vehicle driven by an employee of his office, and that they were returning to the office in the Cannon House Office Building from a speech given to a private group in Georgetown, Washington, D.C. The injury occurred when the second security barrier unexpectedly rose, striking the vehicle with sufficient force that the vehicle's air bags were deployed. Based on the description in the complaint, it appears that Mr. Sullivan was on a special mission, and was returning [to] the office in the middle of the work day from a work event off the premises of the Capitol grounds. Because Mr. Sullivan's

> special mission was necessitated by his work, the special mission would be considered a part of the employment, and Mr. Sullivan would be considered in the performance of duty at the time of his July 23, 2003 injury. *Gary L. Fowler*, 45 ECAB 365, 371 (1994).
>
> A separate and independent ground for coverage of Mr. Sullivan's injury under the FECA would be the "premises" exception to the usual rule that injuries sustained by employees on the way to or from work, or to or from lunch, are not covered. As noted above, for employees having fixed hours and places of work, injuries occurring on the premises of the employing establishment, while the employees are going to or from work, before or after working hours, or at lunch time, are compensable. *Emma Varnerin, supra*. Under the premises rule, any injury occurring on the premises of the Capitol grounds during a trip to or from work, or at lunch time, would be compensable under the FECA. Although, as noted above, coverage under the FECA is possible on the theory that Mr. Sullivan was on a special mission at the time of the incident, it is also possible that the July 23, 2003 injury could be covered under the FECA based on a finding that the injury took place within the premises of the employing establishment.
>
> Based on the foregoing discussion, and absent some contradictory information which has not been provided to me, I conclude that there is a significant possibility that a claim by plaintiff John Sullivan for compensation for physical injuries, and any consequential medical, physical, or emotional conditions, resulting from the improper operation of the security barrier on July 23, 2003 would be covered under FECA.

Ex. 2, Duncan Decl., Attach. A at 3 - 4.

Given that it appears that FECA may apply to the claims described in plaintiff's complaint, and thus serve as plaintiff's sole remedy, his suit should be dismissed for lack of subject matter jurisdiction. In considering situations where plaintiffs have attempted to

7

maintain actions under the FTCA where the factual circumstances present questions of coverage under the FECA, courts have held that "to avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage . . ." Concordia v. United States, 581 F.2d 439, 442 (5th Cir. 1978); White v. United States, 143 F.3d 232 (5th Cir. 1998). Where there is a "substantial question" regarding FECA coverage, the federal courts will not entertain a claim, but rather will abstain from further action until the Secretary of Labor has made a determination regarding FECA coverage. Heilman v. United States, 731 F.2d 1104, 1110 (3rd Cir. 1984). See 5 U.S.C. § 8116; Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991)([T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies."); Farley v. United States, 162 F.3d 613, at 616 (10th Cir. 1998)("District Court lacks jurisdiction to hear federal employee's FTCA claim until and unless Secretary [of Labor] determines that FECA does not apply to claim."). Plaintiff, of course, remains free to file a compensation claim under FECA; upon the submission of a claim under the FECA, the Secretary of Labor would adjudicate the claim and issue a coverage determination on the matter.

    As an alternative to dismissal for lack of subject matter jurisdiction, this suit should be stayed up to and including August 31, 2006 until matters related to any FECA claim filed by plaintiff are resolved. At the conclusion of the stay, or before if appropriate, the parties would file a status report with the Court on the DOL's determination and the appropriate disposition of this suit as a result of that determination.

8

## IV.   CONCLUSION

For reasons stated herein, defendant respectfully requests that the Court dismiss this suit for lack of subject matter jurisdiction, or alternatively, issue an Order staying the case up to and including August 31, 2006.

Date: October 14, 2005                    Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney



/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney



/s/ Beverly M. Russell

Of Counsel:                _____
Scarlett D. Grose,         BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant Counsel          Assistant United States Attorney
United States Capitol Police   U.S. Attorney's Office for the District of Columbia,
                            Civil Division
                           555 4th Street, N.W., Rm. E-4915
                           Washington, D.C.  20530
                           Ph:  (202) 307-0492

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of *Defendant's Motion to Dismiss, or Alternatively, for a Stay* was made by the Court's Electronic Case Filing System, this <u>14th</u> day of October, 2005 to:

Patricia M. Thornton
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770

Brad D. Weiss
Charapp & Weiss, LLP
8300 Greensboro Drive, Suite 200
McLean, Virginia 22102

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney