IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN SULLIVAN**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>**Defendant.** | Civil Action No. 1:05CV01418(CKK) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR A STAY

COMES NOW the Plaintiff, John Sullivan ("Mr. Sullivan"), by and through counsel, and pursuant to the Federal Rules of Civil Procedure, submits his Opposition to Defendant's Motion to Dismiss, and states the following in support thereof:

### FACTUAL AND PROCEDURAL SUMMARY

On or about July 18, 2005, Plaintiff filed a Complaint in the United States District Court for the District of Columbia against Officer S. Humphrey ("Humphrey"), Officer R. Moore ("Moore") and the United States of America (all herein collectively referred to as "Defendants") alleging causes of action for negligence (Count I) and *res ipsa loquitur* - negligence (Count II). See Complaint.

The instant lawsuit arises under the Federal Tort Claims Act, 28 U.S.C. § 2675 et seq. See Complaint at ¶ 5. The causes of action arise from acts or omissions by Defendants occurring near 114 Cannon House Office Building, Washington, D.C. See Complaint at ¶ 4.

On September 19, 2005, Defendant United States moved the Court for an enlargement of time to answer, move or otherwise respond to Plaintiff's Complaint until October 14, 2005. See Def. United State's Mot. for Enlargement of Time to Answer, Move or Otherwise Respond to Pl.'s

Compl. On September 20, 2005, the United States was substituted as the sole defendant. See Notice of Substitution of the United States as Sole Def.

On or about October 14, 2005 Defendant United States filed a Motion to Dismiss, or Alternatively, for a Stay as to all counts. See Def. United States' Mot. to Dismiss, or Alternatively, for a Stay. To date, discovery has not commenced. That parties have not served interrogatories, request for admissions, request for document production, and depositions have not been noticed. On the grounds set forth herein, the Defendant's Motion should be denied.

## ARGUMENT

### I. A MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6) IS IMPROPER BECAUSE PLAINTIFF JOHN SULLIVAN IS ENTITLED TO RELIEF UNDER THE FEDERAL TORT CLAIMS ACT.

#### A. This Court Should Deny Defendant's Motion to Dismiss Under Rule 12(b)(1) Because This Court Has Subject Matter Jurisdiction Over the Claims Alleged In Plaintiff's Complaint.

Defendant's Motion to Dismiss, or Alternatively, for a Stay must be denied because the injuries sustained by Plaintiff are not covered under the Federal Employees' Compensation Act ("FECA"), but instead are covered under the Federal Tort Claims Act ("FTCA"), which gives this Court jurisdiction over this matter.

The Court cannot grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) of the Federal Rules of Civil Procedure "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." Daisley v. Riggs Bank, N.A., 372 F.Supp.2d 61, 67 (2005)(citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir. 1994) and Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). This Court, in ruling on a motion to dismiss for lack of subject matter jurisdiction, must construe the plaintiff's complaint

liberally, giving plaintiff the benefit of all favorable inferences that can be drawn from the alleged facts. See id.; see also EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C.Cir. 1997).

The FTCA provides a limited waiver of the government's sovereign immunity in circumstances where its employees are negligent in the scope of their employment. Under this Act, the government can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). John Sullivan is afforded protection under the FTCA as his injuries are a direct result of the gross negligence of two United States Capitol Police Officers acting within the scope of their employment, but not while Mr. Sullivan was within the scope of his employment.

John Sullivan is not subject to coverage under FECA as his injuries were not sustained in the course of his performance in his official capacity as a United States employee. FECA only provides compensation "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty ..." 5 U.S.C. § 8102(a). A federal employee's compensation under FECA is his exclusive recovery against the United States. See 5 U.S.C. § 8116. If there is a substantial question of coverage under FECA, the Secretary of Labor is solely vested with the power of determining whether or not FECA will apply. The Secretary's decision to deny or grant compensation under FECA is final and not reviewable by the federal courts. See 5 U.S.C. § 8128(b)(1)-(2) and § 8145. However, if there is no substantial question as to whether or not the injury incurred in the performance of employee's duty, the employee may prosecute his tort claim under the Federal Tort Claims Act (FTCA) without first submitting a FECA claim to the Secretary of Labor. See Bruni II v. United States, 964 F.2d 76, 78 (1st Cir. 1992); see also Wallace v. United

States, 669 F.2d 947 (4th Cir. 1982). In the instant case, there is no substantial question as to whether or not the injury was incurred in the performance of Mr. Sullivan's duties. Therefore, Mr. Sullivan can pursue his claims under the FTCA and this Court has jurisdiction to preside over those claims.

In order to subject Mr. Sullivan to FECA's coverage, Defendant argues that Mr. Sullivan was performing in his capacity as a United States employee at the time his injuries were caused by the U.S. Capitol Police Officers, acting as agents of the United States.

In determining whether a federal employee was injured while in the performance of his duty, the United States Court of Appeals for the Fourth Circuit, in Wallace v. United States, considered "whether the obligations or conditions of Wallace's employment created a 'special zone of danger' that resulted in his injury." Wallace, 669 F.2d at 952; See also O'Leary v. Brown Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470 (1951). The fact that the employee's injury occurred on the premises of the employer was but one of many relevant factors that a court considers in making the final determination as to whether an employee was acting in his employment duty when injured. See Wallace, 669 F.2d at 952; see also Bailey v. United States, 451 F.2d 963 (5th Cir. 1971).[1] Rather, it is the "totality of the circumstances" that a court considers in determining if the plaintiff was injured in the performance of his or her duties. See Ritchie v. United States, 210 F.Supp.2d 1120, 1124 (N.D. Cal. 2002)(holding that the "totality of the circumstances" indicates that the "plaintiff's injury did not occur in the course of his employment.")

---

[1] There are substantial rulings by the Employees' Compensation Appeals Board (ECAB) which have consistently held that "while in performance of duty" means "arising out of and in the course of employment." Wallace, 669 F.2d at 953 (citing In re Estelle M. Krasprzak, 27 ECAB 339 (1979)). In applying this standard, the ECAB has asked, "whether under all the circumstances, a causal relationship exists between the employment itself, or the conditions under which it is to be performed, and the resultant injury." Id. (quoting In re Estelle M. Krasprzak, 27 ECAB at 342).

The Defendant's assertion that Mr. Sullivan was injured while in the performance of his duties is without merit and based upon nothing more than self-serving opinions. In support of its assertion, the Defendant relies on the opinions contained in the Declaration of Edward G. Duncan, Deputy Director for Federal Employee's Compensation. Mr. Duncan's opinion states that

> [b]ased on the description in the complaint, it <u>appears</u> that Mr. Sullivan was on a special mission, and was returning [to] the office in the middle of the work day <u>from a work event</u> off the premises of the Capitol grounds. Because Mr. Sullivan's special mission was necessitated by his work, the special mission would be considered a part of the employment, and Mr. Sullivan would be considered in the performance of duty at the time of July 23, 2003 injury.

<u>See</u> Declaration of Edward G. Duncan at Attachment A at 3. (Emphasis added). However, the opinions of Mr. Duncan are not reliable as they are nothing more than opinions and not based upon the facts as alleged in the Complaint. Mr. Duncan assumes in his opinion "based on the description in the complaint" that Mr. Sullivan was on a "special mission" and a "work event" that was "necessitated by his work." <u>See</u> Declaration of Edward G. Duncan at Attachment A at 3. No where in the Complaint does Mr. Sullivan allege that the speech that he was returning from was a "special mission," "work event," or that the speech was "necessitated by his work." Rather, Mr. Sullivan states that he "was returning from a speech given to a private group in Georgetown, Washington D.C." <u>See</u> Compl. at ¶ 12. As such, there is no way that such statements by Mr. Duncan would be "based on the description in the complaint" as asserted in the Declaration. Those statements are nothing more than assumptions and unsupported opinions and are based on what "appears" to Mr. Duncan. Indeed, this is not the first time that a Declaration of Mr. Duncan has been determined to be of no value. <u>See</u> <u>Ritchie v. United States</u>, 210 F.Supp.2d 1120, 1126 (N.D. Cal. 2002)(striking

the Declaration of Edward G. Duncan because the court determined it to be "a self-serving declaration prepared for this litigation."), attached hereto as Exhibit A.[2]

Mr. Sullivan is an employee of the United States. At the time when Mr. Sullivan was injured on July 23, 2003, he was not performing in his duties as a United States employee. Mr. Sullivan was in the process of returning to his office after giving a speech to a private group of citizens in Georgetown, Washington, D.C., which was not part of the responsibilities of his job. See Complaint at ¶ 12. Mr. Sullivan was returning to work, but not yet engaged in any activity arising out of his employment. Rather, he was just sitting in a vehicle as a passenger. Attempting to proceed through a security point to park one's vehicle is not an activity that arises out of his employment. Furthermore, at the time of the incident, Mr. Sullivan had not made it through the security point and, therefore, was not even on the premises of his job. Thus, there is no "causal relationship" between Mr. Sullivan's employment as a United States employee and the injuries he sustained by the United States Capitol Police Officers. Moreover, the "totality of the circumstances" does not support a determination the Mr. Sullivan was in the performance of his duties at the time of the incident. Ritchie, 210 F.Supp.2d at 1124.

Since there cannot be a finding of a "causal relationship" it is not appropriate to find that Mr. Sullivan was injured in the "performance of his duty." Without this finding, there is no "substantial question of coverage" for the Secretary of Labor to decide, and therefore, the Federal Employees' Compensation Act does not apply. It is within this Court's jurisdiction to make the final decision as to liability under the Federal Tort Claims Act.

---

[2] Simultaneously with the filing of this Motion, Plaintiff has filed a Motion to Strike the Declaration of Edward G. Duncan. Plaintiff incorporates the Motion to Strike the Declaration of Edward G. Duncan as if fully restated herein.

**B.     This Court Should Deny Defendant's Motion to Dismiss Under Rule 12(b)(6) Because the Plaintiff Adequately States Factual Allegations to Support His Claims for Negligence and Res Ipsa Loquitur Negligence.**

Defendant's Motion to Dismiss, or Alternatively, for a Stay must be denied because Plaintiff has set forth sufficient facts in his Complaint to support each claim alleged therein.

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court should review the adequacy of the complaint liberally. Coakley & Williams, Inc. v. Shatterproof Glass Corp., 706 F.2d 456, 457 (4th Cir. 1983). "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." Evars v. District of Columbia, No. CIV.A. 03-231 PFL, 2005 WL 2364958 (D.D.C., Sept. 27, 2005); see also Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C.Cir. 2000). The motion should be denied "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" DeSole v. United States, 947 F.2d 1169, 1177 (4th Cir. 1991)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**1.     Plaintiff has Properly Alleged a Claim for Negligence.**

John Sullivan's Complaint adequately sets forth allegations of negligence. "Generally, in order to prevail on a claim of negligence, the plaintiff must establish a duty of care, a deviation from that duty, and a causal relationship between that deviation and an injury sustained by the plaintiff." Childs v. Purll, 882 A.2d 227, 233 (2005)(quoting Youssef v. 3636 Corp., 777 A.2d 787, 792 (D.C.2001).

Officers Scott Humphrey and Officer Renoard Moore, as agents of the United States, breached their duty to Mr. Sullivan to raise and lower the barriers at the appropriate times, and not to raise the barrier as the vehicle in which he was traveling crossed the barrier. Officer Moore's use

of his cell phone as he attempted to perform his duties is not only evidence of a breach of duty, but it supports a finding of gross negligence. A reasonably prudent officer in similar circumstances would have taken care to use the appropriate hand signals and would have refrained from using his cell phone or engaging in any other distracting behavior that would prevent him from performing his duty responsibly. If Officers Humphrey and Moore acted in accordance with the foregoing reasonable standard, the severe injuries to Mr. Sullivan would not have occurred but for the negligence.

2. **Plaintiff has Properly Alleged a Claim for *Res Ipsa Loquitur*-Negligence.**

John Sullivan's Complaint adequately sets forth allegations of *res ipsa loquitur* negligence. The doctrine of *res ipsa loquitur* allows a jury or judge to "infer a lack of due care on the mere happening of the accident." Otis Elevator Company v. Tuerr, 616 A.2d 1254 (1992); Otis Elevator Co. v. Henderson, 514 A.2d 784, 785 (1986). The doctrine applies where:

> (1) [t]he event [is] one of the kind which ordinary does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the control (exclusive or joint) of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

Tuerr, 616 A.2d at 1258 (quoting Henderson, 514 A.2d 784 at 785-786 (internal citations omitted)). A plaintiff "must demonstrate that the injury does not occur when due care is exercised." Id. (quoting Marshall v. Townsend, 464 A.2d 144, 145 (D.C.1983)(citations omitted)).

John Sullivan's Complaint alleges that the security barriers that caused his severe injuries were in the exclusive control and operation of Officers Scott Humphrey and Renoard Moore, agents of the United States. See Complaint at ¶ 32, 33. Absent the gross negligence of the Officers, acting on behalf of the United States, the injuries sustained by Mr. Sullivan would not have occurred. See

Complaint at ¶ 32. The impact between the barriers and the vehicle transporting Mr. Sullivan was in no way due to any act or omission on the part of John Sullivan or any other person. See Complaint at ¶ 34.

## II.   ALTERNATIVELY, A MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 IS IMPROPER BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.

Defendant United States seeks to include the Declaration of Edward G. Duncan in support of its Motion to Dismiss, or Alternatively, for a Stay. If the Court considers this Declaration, the motion must be converted into a request for summary judgment. See Fed. R. Civ. P. 12(c) and 56.

Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also McNamara v. Nat'l Credit Union Admin., 264 F.Supp.2d 1, 2 (2002); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C.Cir.1995). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. 323. An issue is "genuine" if the resolution of the issue could establish an element of a claim or defense and, therefore, affect the outcome of the action. See McNamara, 264 F.Supp.2d at 2; Celotex, 477 U.S. at 322, 106 S.Ct. 2548; Anderson, 477 U.S. at 248, 106 S.Ct. 2505. If the court determines that a jury could find in favor of the non-moving party on an issue of material fact, then the disputed issue is genuine and therefore precludes summary judgment. See Banks v. District of Columbia, 377 F.Supp.2d 85 (2005); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

This Court must draw all inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. See McNamara, 264 F.Supp.2d at 2 (2002); Anderson, 477 U.S. at 255, 106 S.Ct. 2505. Drawing all inferences in favor of Mr. Sullivan, Defendant is not entitled to summary judgment on Plaintiff's claims.

There are genuine issues of material facts in dispute that preclude granting summary judgment. Additionally, discovery has not yet commenced making a motion to dismiss and a motion for summary judgment premature. Defendant contends that Mr. Sullivan was in the performance of his employment at the time he was injured. Plaintiff contends that he was not in the performance of his employment at the time he was injured due to the negligence of Officers Scott Humphrey and Renoard Moore. This is a genuine issue of material fact in dispute precluding summary judgment. Additionally, Defendant asserts that the injury occurred while on U.S. Government property, which Plaintiff disputes. The dispute of both of these facts indicate that there are genuine issues of material facts in dispute.

Moreover, Plaintiff must be afforded the opportunity to compile "depositions, answers to interrogatories, and admissions on file, together with the affidavits" before the Court can determine that no genuine issue of material fact exists and grant summary judgment. See Fed. R. Civ. P. 56(c). Indeed, the parties have not commenced discovery making a motion to dismiss and summary judgment premature.

### III. A MOTION TO STAY IS IMPROPER BECAUSE THIS COURT HAS JURISDICTION TO DECIDE THIS MATTER UNDER THE FEDERAL TORT CLAIMS ACT.

If Defendant does not succeed on its motion to dismiss, it alternatively asks this Court for a stay so that the Secretary of Labor can make a determination as to whether Mr. Sullivan is subject

to FECA. "[A] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Canady, M.D. v. Erbe Elektromedizin Gmbh, 271 F.Supp.2d 64, 74 (2002); see also Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163 (1936). This Court should not grant Defendant's request for a stay in this case because it clearly has jurisdiction over this case under the Federal Tort Claims Act. See supra Argument I. As this Court has jurisdiction, and Plaintiff has alleged sufficient facts to support his claims, this Court should deny Defendant's request for a Stay. Moreover, since no claim has been filed under FECA, there can be no jurisdiction before the Secretary of Labor.

WHEREFORE for the forgoing reasons, Plaintiff John Sullivan respectfully requests that this Honorable Court deny the Defendant United States' Motion to Dismiss, or Alternatively, for a Stay. Plaintiff further requests that this Honorable Court award to him such other legal and equitable relief that this Court deems appropriate.

Respectfully submitted,

/s/ Patrica M. Thornton
Patricia M. Thornton (D.C. Bar No. 354951)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane; Suite 706
Greenbelt, Maryland 20770
(301) 345-7001 (office)
(301) 345-7075 (facsimile)

/s/ Brad D. Weiss
Brad D. Weiss, Esq. (D.C. Bar No. 370947)
CHARAPP & WEISS, LLP
8300 Greensboro Drive; Suite 200
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)

Counsel for Plaintiff John Sullivan

## **REQUEST FOR A HEARING**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff John Sullivan requests that this Honorable Court schedule an oral hearing at a date and time convenient to the Court on all issues contained in Defendant's Motion to Dismiss, or Alternatively, for a Stay and Plaintiff's Opposition thereto.

Respectfully submitted,

/s/ Patrica M. Thornton
Patricia M. Thornton (D.C. Bar No. 354951)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane; Suite 706
Greenbelt, Maryland 20770
(301) 345-7001 (office)
(301) 345-7075 (facsimile)


/s/ Brad D. Weiss
Brad D. Weiss, Esq. (D.C. Bar No. 370947)
CHARAPP & WEISS, LLP
8300 Greensboro Drive; Suite 200
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)

Counsel for Plaintiff John Sullivan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was served via first-class mail, postage prepaid, and the Court's Electronic Case Filing System on this **25th** day of **October 2005,** to the following:

>Kenneth L. Wainstein, Esq.
>R. Craig Lawrence, Esq.
>Beverly M. Russell, Esq.
>U.S. ATTORNEY'S OFFICE
>FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION
>555 4th Street, N.W., Rm. E-4915
>Washington, D.C. 20530
>(202) 307-0492
>Counsel for Defendant United States

>　　　　　　　/s/ Brad D. Weiss
>Brad D. Weiss
>Counsel for Plaintiff John Sullivan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1418(CKK) |

## ORDER

UPON CONSIDERATION of Defendant United States' Motion to Dismiss, or Alternatively, for a Stay, and Plaintiff John Sullivan's Opposition thereto, it is hereby

ORDERED that Defendant United States' Motion to Dismiss, or Alternatively, for a Stay should be and hereby is DENIED.

ENTERED THIS _____ DAY OF _____, 2005.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT JUDGE

Cc:

Patricia M. Thornton
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770

Brad D. Weiss, Esq.
CHARAPP & WEISS, LLP
8300 Greensboro Drive
Suite 200
McLean, Virginia 22102

Kenneth L. Wainstein, Esq.
R. Craig Lawrence, Esq.
Beverly M. Russell, Esq.
U.S. ATTORNEY'S OFFICE
FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530