IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN SULLIVAN** )<br>)<br>**Plaintiff,** )<br>v. )   Civil Action No. 1:05CV01418(CKK)<br>)<br>)<br>**UNITED STATES OF AMERICA** )<br>)<br>**Defendant.** )<br>_____) | |

### PLAINTIFF'S MOTION TO STRIKE
### THE DECLARATION OF EDWARD G. DUNCAN

COMES NOW the Plaintiff, John Sullivan ("Mr. Sullivan"), by and through counsel, and pursuant to Federal Rules of Civil Procedure 12(f) respectfully moves to strike the Declaration of Edward G. Duncan attached as Exhibit 2 to the Defendant's Motion to Dismiss, or Alternatively, for a Stay.

Defendant United States filed its Motion to Dismiss, or Alternatively, for a Stay with the Declaration of Edward G. Duncan attached as Exhibit 2 on or about October 14, 2005. The Declaration of Edward G. Duncan, does not comply with Rule 56(e) of the Federal Rules of Civil Procedure as the Declaration of Edward G. Duncan is not based upon "personal knowledge" and does not affirmatively show that Mr. Duncan is competent to testify to the matters stated within his Declaration.

It is established law that the term "pleading" for purposes of Fed. R. Civ. Pro. 12(f) includes affidavits and declarations filed in support of technical pleadings since Rule 12(f) is the only means of attacking materiality and pertinence defects in such documents. See Larouche v. Dep't of the

Treasury, No. 91-1655, 2000 WL 805214, at *13-14 (D.D.C. Mar. 31, 2000) (citing Humane Soc'y of the United States v. Babbitt, 46 F.3d 93, 97 n. 5 (D.C. Cir. 1995)). Conclusory allegations, legal argument and statements not based upon personal knowledge are inappropriate in affidavits and should be stricken. See Cent. States Indus. Supply, Inc. v. McCullough, 279 F.Supp.2d 1005, 1018-19 (N.D. Ia. 2003).

The Duncan Declaration contains statements that are generalized, unfounded, and conclusory in nature. The Declaration clearly states it is based upon the "opinion" of Mr. Duncan and that he was asked to "render an opinion concerning the question of whether the FECA would cover any injury sustained as a result of the failure of Capitol Police officers to safely operate the security barrier near the Cannon House Office Building on July 23, 2003." See Declaration of Edward G. Duncan. Mr. Duncan's sole conclusion in the Declaration is that "there is a significant possibility that a claim by plaintiff John Sullivan for compensation for physical injuries, and any consequential medical, physical, or emotional conditions, resulting from the improper operation of the security barrier on July 23, 2003 would be covered under FECA." See Declaration of Edward G. Duncan. The Declaration admits that Mr. Duncan's conclusion is nothing more than his opinion based upon what "appears" to be his observations of the Complaint. Indeed, in paragraph 6 of the Declaration, Mr. Duncan refers to it as an "opinion." Mr. Duncan's opinion that there is a "significant possibility" that the claims of Mr. Sullivan would be covered under FECA is nothing more than a legal argument that is self-serving to Defendant's Motion to Dismiss. See Ritchie v. United States, 210 F.Supp.2d 1120, 1126 (N.D. Cal. 2002)(striking the Declaration of Edward G. Duncan because the court determined it to be "a self-serving declaration prepared for this litigation."), attached hereto

as Exhibit A. This is an inappropriate use of an affidavit and, therefore, Mr. Duncan's affidavit should be stricken.

Moreover, in his Declaration, Mr. Duncan proffers that "based on the description in the complaint, it appears that Mr. Sullivan was on a special mission, and was returning [to] the office in the middle of the work day from a work event off the premises of the Capitol grounds." See Declaration of Edward G. Duncan at Attachment A at 3. (Emphasis added). However, John Sullivan's Complaint simply states that he was returning to 114 Cannon House Office Building, Washington, D.C. from a speech given to a "*private group* in Georgetown, Washington, D.C." See Complaint ¶ 12. (Emphasis added.) Mr. Duncan specifically states that his opinion is given solely "based upon the facts alleged in the complaint." See Declaration of Edward G. Duncan at Attachment A at 3. Moreover, Mr. Duncan is providing facts and inferences that are not contained in the Complaint. Such inferences cannot be inferred in favor of the Defendant in its own Motion to Dismiss, or Alternatively, for a Stay. See Evars v. District of Columbia, No. CIV.A. 03-231 PFL, 2005 WL 2364958 (D.D.C., Sept. 27, 2005) (stating that "[i]n evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff.") However, there are no additional facts within Plaintiff's Complaint that permit Mr. Duncan to conclude that the speech given by Mr. Sullivan on July 23, 2003 was in connection to a "work event off the premises of the Capitol grounds."

Mr. Duncan's analysis and assertions are inadmissible since he has no personal knowledge as to the content and nature of the speech given to the "private group," and has assumed facts not


contained within the record to reach his conclusions.[1]  Since Mr. Duncan's knowledge of the case is both incomplete and not based on personal knowledge, his Declaration is inadmissible under Rule 56(e).

In applying Rule 56(e), the Court of Appeals for the District of Columbia Circuit has stated that "[a]lthough the rule's directive with respect to admissibility of an affidavit's contents on summary judgment has been liberally construed, its requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented.[2]  An affidavit based merely on information and belief is unacceptable." Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (citing C. Wright & A. Miller, Federal Practice § 2738 (1973); J. Moore & J. Wicker, Federal Practice ¶ 56.22(1) (1980)).

> This rule [Fed. R. Civ. Pro 56(e)] plainly requires (the word 'shall' being mandatory) that an affidavit state matters personally known to the affiant. A statement in such affidavit as to what the affiant 'verily believes' does not satisfy this requirement. Belief, no matter how sincere, is not equivalent to knowledge. It is further required that the facts set forth in the affidavit be such as would be admissible in evidence should they be given from the witness stand during trial of that case.

Jameson v. Jameson, 176 F.2d 58, 60 (D.C. Cir. 1949).

Because Mr. Duncan's Declaration is clearly based on "information and belief" and is nothing more than his "opinion," it would be otherwise inadmissible if he presented it as a witness

---

[1] Plaintiff's counsel is entitled to depose Declarant in order to assess his personal knowledge and the basis for his opinion. See Rule 56(e).

[2] Defendant attached Mr. Duncan's Declaration as an exhibit and in support of its Motion to Dismiss, or Alternatively, for a Stay. Fed. R. Civ. P. 12(c) provides that if matters outside of the pleadings are provided to the court in support of a motion to dismiss, the court can treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(c).

at trial, it is fails to meet the standard of an affidavit under Rule 56(e) and should be precluded from the Court's consideration pursuant to Rule 12(f).

Additionally, Mr. Duncan states that "[u]pon review of the allegations of the complaint, I conclude that there is a significant possibility that the (sic) Mr. Sullivan's left eye injury (as well as any other medical, physical, or emotional conditions causally related to the July 23, 2003 incident described in the complaint) may be covered under the FECA." See Declaration of Edward G. Duncan at Attachment A at 1. Here, Mr. Duncan is drawing a legal conclusion regarding whether or not Mr. Sullivan's injuries would be covered under FECA based upon the facts alleged in the Complaint. Such legal conclusions are reserved for this Court and may not be usurped by Mr. Duncan. "[S]tatements that are impermissible hearsay, *conclusory or self-serving* are generally precluded." Judicial Watch, Inc. v. United States Dep't of Commerce, 224 F.R.D. 261 (D.D.C. 2004) (citing Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 962; Visser v. Packer Eng'g Assocs. Inc., 924 F.2d 655, 659 (7th Cir.1991); Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992); Thomas v. Int'l Bus. Machines, 48 F.3d 478, 485 (10th Cir.1995); Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir.1996)) (emphasis added). Furthermore, given the fact that Mr. Duncan has introduced facts that were not alleged in Plaintiff's Complaint, and considered said facts in reaching his conclusion, it is impossible for the Court to reasonably rely on the contents of the Declaration of Edward G. Duncan.

WHEREFORE for the forgoing reasons, Plaintiff John Sullivan respectfully requests that this Honorable Court strike the Declaration of Edward G. Duncan attached as Exhibit 2 to Defendant's Motion to Dismiss, or Alternatively, for a Stay, and award to it such other legal or equitable relief as this Court deems appropriate.

Respectfully submitted,


/s/ Patricia M. Thornton
Patricia M. Thornton (D.C. Bar No. 354951)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770
(301) 345-7001 (office)
(301) 345-7075 (facsimile)


/s/ Brad D. Weiss
Brad D. Weiss, Esq. (D.C. Bar No. 370947)
CHARAPP & WEISS, LLP
8300 Greensboro Drive; Suite 200
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)

Counsel for Plaintiff John Sullivan

## REQUEST FOR A HEARING

Pursuant to the Federal Rules of Civil Procedure, Plaintiff John Sullivan requests that this Honorable Court schedule an oral hearing at a date and time convenient to the Court on all issues contained in Plaintiff's Motion to Strike the Declaration of Edward G. Duncan.

Respectfully submitted,

/s/ Patrica M. Thornton
Patricia M. Thornton (D.C. Bar No. 354951)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane; Suite 706
Greenbelt, Maryland 20770
(301) 345-7001 (office)
(301) 345-7075 (facsimile)

/s/ Brad D. Weiss
Brad D. Weiss, Esq. (D.C. Bar No. 370947)
CHARAPP & WEISS, LLP
8300 Greensboro Drive; Suite 200
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)

Counsel for Plaintiff John Sullivan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Motion to Strike the Declaration of Edward G. Duncan was served via first-class mail, postage prepaid, and the Court's Electronic Case Filing System on this **25th** day of **October 2005,** to the following:

Kenneth L. Wainstein, Esq.
R. Craig Lawrence, Esq.
Beverly M. Russell, Esq.
U.S. ATTORNEY'S OFFICE
FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
(202) 307-0492
Counsel for Defendant United States

                                                          /s/ Brad D. Weiss
                                                   Brad D. Weiss

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **John Sullivan**<br>**1648 E. 44th Street**<br>**Tulsa, Oklahoma 74105**<br><br>     **Plaintiff,**<br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>     **Defendant.** | Civil Action No. 05-1418(CKK) |

## ORDER

UPON CONSIDERATION of Plaintiff John Sullivan's Motion to Strike, and it appearing that said motion should be granted, it is hereby

ADJUDGED, ORDERED AND DECREED, that Plaintiff's Motion to Strike is hereby GRANTED in its entirety and that the Declaration of Edward G. Duncan attached as Exhibit 2 to Defendant's Motion to Dismiss, or Alternatively, for a Stay is stricken from the record in this case.

ENTERED THIS _____ DAY OF _____, 2005.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT JUDGE

Cc:

Patricia M. Thornton
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770

Brad D. Weiss, Esq.
CHARAPP & WEISS, LLP
8300 Greensboro Drive
Suite 200
McLean, Virginia 22102

Kenneth L. Wainstein, Esq.
R. Craig Lawrence, Esq.
Beverly M. Russell, Esq.
U.S. ATTORNEY'S OFFICE
FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530