```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| JOHN SULLIVAN,                          ) | |
|                                         ) | |
|        Plaintiff                        ) | |
|                                         ) | |
|   v.                                    ) | Civil Action No. 05-1418(CKK) |
|                                         ) | |
|                                         ) | |
| UNITED STATES OF AMERICA,                ) | |
|                                         ) | |
|        Defendant.                       ) | |
| _____ ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR A STAY AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Although plaintiff brought this suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, a review of his pleading, case law, and the sworn declaration supporting defendant's motion indicate that there is a substantial question on whether plaintiff was injured in the course of employment, and thus, whether the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq, applies. Therefore, consistent with the FECA statute and case law, this suit should either be dismissed or stayed until the Secretary of Labor makes her determination on any claim for benefits filed by plaintiff under the FECA.

In his opposition memorandum, plaintiff presents no argument to this Court undermining the propriety of the proposed disposition. Accordingly, defendant respectfully requests that, pursuant to Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure, this Court dismiss this suit. Alternatively, this case should be stayed for reasons stated herein.

**ARGUMENT**

A. **Because, at the very least, a substantial question exists on whether plaintiff was acting within the performance of his duties at the time of the incident at issue, this case should be dismissed or stayed to provide the Secretary of Labor an opportunity to determine the applicability of FECA**.

The FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees injured during the course of employment. See 5 U.S.C. § 8102(a); 20 C.F.R. § 10.1; see also Moss v. Staley, No.Civ.A. 02-1935, 2002 WL 31689425, *3 (E.D.La. Nov. 18, 2002)("...a federal employee's exclusive remedy for work-related injuries is FECA.") "The Secretary [of Labor] determines whether the employee sustained an injury in the performance of his duty and whether [he] is eligible for benefits regardless of fault." Jorgensen v. United States, No. C 03-00188 MJJ, 2004 WL 3267262, *2 (N.D. Cal. Feb. 17, 2004). The Secretary's determination in this regard is "final and non-reviewable by a federal district court." Id., citing, 5 U.S.C. § 8128(b).

If there is a "substantial question" on the applicability of FECA coverage, "an injured employee may not commence an FTCA action before exhausting FECA's administrative remedies[,]" id., *3, i.e., "a tort action is barred unless the Secretary of Labor determines that FECA does not apply." Moss, 2002 WL 31689425, *3, quoting Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000)(citation omitted). "A substantial question exists unless

2

it is <u>certain</u> that the Secretary of Labor would find no coverage under FECA." <u>See</u> <u>Moss</u>, 2002 WL 31689425, *3, <u>quoting</u> <u>White v. United States</u>, 143 F.3d 232, 234 (5th Cir. 1998)(emphasis added); <u>see also</u> <u>Farley v. United States</u>, 162 F.3d 613, 615 (10th Cir. 1998); <u>McCauley v. United States</u>, 58 F.Supp.2d 1232, 1235(D.Kan. 1999)(citations omitted).

Simply, the Secretary has the authority "to resolve any disputes regarding the scope of" FECA coverage. <u>Id.</u> (citations omitted); <u>see also</u> <u>Farley</u>, 162 F.3d at 615("The Compensation Act vests the Secretary of Labor with the power to resolve any disputes regarding the scope of compensation Act coverage.")(citations omitted); <u>Coffey v. United States</u>, 939 F.Supp. 185, 190 (E.D.N.Y.,1996); <u>Walsh v. Donovan</u>, 575 F.Supp. 303, 305 (S.D.N.Y.1983) ("[w]here a substantial question of coverage under the Federal Employees' Compensation Act exists, the Secretary of Labor must be given 'the opportunity to speak first'"). Indeed, "to avoid sending [a] case to the Secretary. . ., [a federal district court] must decide as a matter of law that. . .the Secretary could not find FECA coverage." <u>White</u>, 143 F.3d at 234; <u>Coffey v. United States</u>, 939 F.Supp. at 190; <u>D'Angelo v. United States</u>, 588 F.Supp. 9, 11 (W.D.N.Y.1983).

Although plaintiff disputes that he was acting within the performance of his duties at the time of the incident serving as the basis of his complaint (<u>se</u>e Pl.'s Op. to Def.'s Mot. Dismiss,

or Alternatively, for a Stay, at 3), his pleading and opposition memorandum suggest otherwise, or at the very least, evidence that there is a substantial question on the issue. Pertinent here, courts have stated that "[a] plaintiff's injuries arise in the performance of [his] duties if they are related to a 'special zone' of danger created by an obligation or condition of employment." <u>Jorgensen</u>, 2004 WL 3267262, *3, <u>citing</u>, <u>O'Leary v. Brown-Pacific-Macon</u>, 340 U.S. 504, 506-7 (1951). The "special zone" requirement "depends on 'whether under all the circumstances, a causal relationship exists between the employment itself, or the conditions under which it is to be performed, and the resultant injury." <u>Jorgensen</u>, 2004 WL 3267262, *3 (citation omitted). No one specific factor is dispositive in determining the "special zone" requirement but location is one factor to be considered. <u>Id</u>. at *4 (discussing "premises rule" which provides "than an employee's injuries are covered by workmen's compensation for injuries sustained while on the premises of the employer.")

    Relevant here, plaintiff (1) admits that he is "<u>an employee of the United States</u>," (2) admits that he was <u>returning to work</u> after giving a speech to a private group of citizens in Georgetown, Washington, D.C., and (3) admits that he was at a security check point at the Cannon House Office Building when the incident serving as the basis of his Complaint occurred. <u>Id.</u> at

6; Compl. ¶¶ 1 and 12; Def.'s Mot. Dismiss, or Alternatively, for a Stay, Ex. 1, Claim for Damage, Injury, and Death (Supplemental Statement, First Page).  In this instance, plaintiff was at a security barrier at his work site and about to return to work when the alleged incident occurred.  Entering work site property to reach one's employment can be reasonably construed as a condition of employment.  Indeed, courts have found that "FECA covers injuries sustained while going to and from work" on work site premises. Jorgensen, 2004 WL 3267262, *3 (citation omitted).  Further, although plaintiff argues that his speech prior to returning to work had nothing to do with his employment, and accordingly, he was not on a "special mission" as discussed in the declaration supporting defendant's motion (see Pl.'s Op. to Def.'s Mot. Dismiss, or Alternatively, for a Stay, at 5), it is at least arguable that any interest in having plaintiff speak had something to do with his employment.

Under these circumstances, one cannot argue with certainty that the Secretary of Labor would not find that FECA applies.  Accordingly, this case should be dismissed for lack of subject matter jurisdiction or stayed until the Secretary makes a determination on a claim for benefits filed under the FECA.

**B.   Plaintiff's Motion to Strike the Declaration of Edward G. Duncan should be denied.**

Plaintiff moves to strike the declaration of Edward G. Duncan submitted with Defendant's Motion to Dismiss, or

Alternatively, for a Stay.  In the declaration, Mr. Duncan, Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs, states that, based on the facts as pled in plaintiff's Complaint, there is a substantial possibility that FECA applies.  See Def.'s Mot. Dismiss, or Alternatively, for a Stay, Ex. 2, Duncan Decl. ¶ 5.  Plaintiff moves to strike the declaration as "self-serving to Defendant's Motion to Dismiss" and cites Richie v. United States, 210 F.Supp.2d 1120, 1126 (N.D. Cal. 2002) to support his motion to strike.  Pl.'s Mot. Strike, at 2.  In Richie, the District Court for the Northern District of California struck a declaration provided by Mr. Duncan in a case involving FECA opining that the declaration was self-serving given that it was "prepared for. . .litigation."  Id.

However, notwithstanding Richie, plaintiff's motion to strike should be denied on a number of grounds.  First, in deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a "court is not limited to the allegations in the complaint but may consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case."  U.S. ex rel. Ervin and Associates, Inc. v. Hamilton Securities Group, Inc., 332 F.Supp.2d 1, 5 (D.D.C. 2003), citing, EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 n. 3

6

(D.C.Cir.1997); Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992); Rosell v. Wood, 357 F.Supp.2d 123, 128 (D.D.C. 2004). In this case, defendant has presented a declaration from the Department of Labor evidencing the Secretary of Labor's jurisdiction to review this matter. Therefore, defendant's provision of the declaration is consistent with the findings of the United States Court of Appeals for the District of Columbia Circuit and this court that matters outside the pleadings may be considered for purposes of reviewing issues on subject matter jurisdiction.

Second, defendant respectfully submits that the determination in Richie that Mr. Duncan's declaration was "self-serving" relied on cases that were inapposite, and thus, the determination could arguably be considered error. See Richie, 210 F.Supp.2d at 1126. In Hines v. United States, 60 F.3d 1442, 1450 n. 8 (9th Cir. 1995) and United States v. Trident Seafoods Corp., 60 F.3d 556, 559 (9th Cir. 1995), cited in Richie, the United States Postal Service and the Environmental Protection Agency, respectively, were the agencies involved in the suit and provided declarations to address causation for purposes of a tort suit (Hines) and the civil penalty in dispute (Trident). See Richie, 210 F.Supp.2d at 1126.

Unlike those cases, Mr. Duncan did not provide his declaration on behalf of the agency involved in this suit (i.e.,

7

the United States Capitol Police), but in his capacity as the person delegated the responsibility for administering FECA. See Def.'s Mot. Summ. J., or Alternatively, for a Stay, Ex. 2, Duncan Decl. ¶ 1. His declaration was presented because of his Congressionally-mandated adjudicative, not litigative, function.

In <u>Richie</u>, the District Court for the Northern District of California held that alleged events at a holiday party were not within the plaintiff's performance of duties for purposes of FECA. <u>Id.</u> at 1125. Notwithstanding its views on the issue, the district court should have either dismissed or stayed the case because Mr. Duncan's declaration, at the very least, raised a substantial question on whether FECA applied to the facts at issue in <u>Richie</u>.

As indicated above, the Secretary has the exclusive authority to determine whether FECA applies to a complaint, and indeed, her determination is final and not reviewable by a district court. Critically, Mr. Duncan has been delegated the authority to administer FECA. <u>See</u> Def.'s Mot. Summ. J., or Alternatively, for a Stay, Ex. 2, Duncan Decl. ¶ 1. Given the Duncan declaration presented in <u>Richie</u>, defendant here respectfully submits that the Secretary, commensurate with her authority, should have received the opportunity to consider whether FECA applies. Specifically, presented with the declaration notwithstanding whether it agreed with the opinions

contained therein, the Richie Court could not with certainty conclude that the Secretary would not have found that FECA applied. Accordingly, perhaps the suit should have been dismissed or stayed pending a determination by the Secretary of Labor.

In this case, Mr. Duncan has issued an opinion that there is a significant possibility that FECA would apply to the claims presented in plaintiff's civil complaint. Def.'s Mot. Summ. J., or Alternatively, for a Stay, Ex. 2, Duncan Decl. and Memorandum Attached Thereto. Given Mr. Duncan's delegated authority, his declaration and memorandum should not be disregarded. To the contrary, because of his delegated authority, Mr. Duncan's declaration should be considered significantly probative (if not dispositive) on whether the Court has subject matter jurisdiction to review plaintiff's claims.

Finally, defendant notes that, as a general rule, motions to strike are disfavored. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200 (D.C.Cir. 1981); Wiggins v. Philip Morris, Inc., 853 F.Supp. 457 (D.D.C. 1994). Indeed, such motions "will generally be granted only upon a showing that the defense in question is both clearly irrelevant to the controversy and clearly prejudicial to the moving party." Boisjoly v. Morton Thiokol, Inc., Civ.A.No. 87-0194, 1987 WL 4924, *1 (D.D.C. 1987); accord In re Lorazepam & Clorazepate

9

Antitrust Litigation, 300 F.Supp.2d 43, 44-45 (D.D.C. 2004). Neither of these conditions is applicable here. The arguments presented in defendant's motion and reply based on Mr. Duncan's declaration directly address the issue of subject matter jurisdiction, and thus, are relevant. Further, the arguments presented do not prejudice plaintiff because he will have the opportunity to obtain relief under FECA, or if the Secretary makes a determination that FECA does not apply, will be able to proceed with his action pursuant to the FTCA. See, e.g. Huang v. Dalton, No. CIV. A. 93-3143, 1994 WL 530000, *5 (E.D.Pa. Sept. 28, 1994). Accordingly, given that motions to strike are disfavored and the reasons for granting such are absent here, plaintiff's motion to strike should be denied.

## **CONCLUSION**

For reasons stated in its motion and herein, defendant United States respectfully requests that the Court dismiss this case for lack of subject matter jurisdiction, or alternatively, stay the case for nine months to provide the Secretary a period to make a determination on a claim for benefits filed by plaintiff under the FECA if plaintiff decides to pursue such a claim.[1]  See, e.g. Farley v. U.S., 162 F.3d 613, 615 (10th Cir.

---

[1] If the Court enters a stay, defendant respectfully requests that the Court also order plaintiff to file any administrative claim with the Secretary of Labor within 30 days of the Court's decision. In its motion, defendant requested a stay up to and
(continued...)

1998), quoting, Tarver v. United States, 25 F.3d 900, 902-03 (10th Cir. 1994)("If a plaintiff brings a Tort Claims Act action in federal court and a substantial question regarding Compensation Act coverage exists, 'the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage.'")

Date: November 28, 2005         Respectfully Submitted,


                                /s/ Kenneth L. Wainstein /mj
                                _____
                                KENNETH L. WAINSTEIN, DC BAR # 451058
                                United States Attorney


                                /s/ R. Craig Lawrence
                                _____
                                R. CRAIG LAWRENCE, D.C. BAR # 171538
                                Assistant United States Attorney


                                /s/ Beverly M. Russell
                                _____
                                BEVERLY M. RUSSELL, D.C. Bar #454257
                                Assistant United States Attorney
                                U.S. Attorney's Office for the
                                 District of Columbia, Civil Division
                                555 4th Street, N.W., Rm. E-4915
                                Washington, D.C.  20530
                                Ph:  (202) 307-0492

---

[1](...continued)
including August 31, 2006.  However, to ensure that the Secretary has a sufficient period to issue her determination, defendant is modifying his request for a stay to the time period described herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of ***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for a Stay and Defendant's Opposition to Plaintiff's Motion to Strike*** was made, this 28th day of November, 2005 by the Court's Electronic Case Filing System to:

Patricia M. Thornton
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770

Brad D. Weiss
Charapp & Weiss, LLP
8300 Greensboro Drive, Suite 200
McLean, Virginia 22102


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney