UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN SULLIVAN,

    Plaintiff,

     v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 05-1418 (CKK)

**MEMORANDUM OPINION**
(June 22, 2006)

Plaintiff John Sullivan, a member of Congress representing the First District of

Oklahoma, filed this action on July 18, 2005, pursuant to the Federal Tort Claims Act ("FTCA"),

28 U.S.C. §§ 2671–2680 (2000), for injuries to Plaintiff arising from one count of negligence and

one count of *res ipsa loquitur* negligence by Defendants Renoard Moore, Scott Humphrey, and

the United States of America. Defendants Moore and Humphrey have been replaced as

Defendants by the United States. *See dkt. entry* [5] (Notice of Substitution of the United States

as Sole Defendant).

Presently before the Court is [6] Defendant United States' Motion to Dismiss, or

Alternatively, for a Stay, in response to which an Opposition and Reply were filed. Also before

the Court is [8] Plaintiff's Motion to Strike the Declaration of Edward G. Duncan, in response to

which an Opposition was filed. Upon a searching examination of these filings, the attached

affidavits and exhibits, the relevant jurisprudence, and the entire record herein, the Court shall

GRANT Defendant's Motion for a Stay, DENY without prejudice Defendant's Motion to

Dismiss, and GRANT Plaintiff's Motion to Strike.

## I: BACKGROUND

On July 23, 2003, at approximately 1:00 p.m., Plaintiff was a passenger in a vehicle driven by Elizabeth Bartheld, a member of his staff.  Compl. ¶ 12; Def.'s Mem. to Dismiss/Stay at 3–4 & Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 1)).  Plaintiff states that he was returning to the Cannon House Office Building, where he has an office, after giving a speech to a private group in Georgetown in Washington, DC.  Compl. ¶¶ 1, 12, 14.  The vehicle in which Plaintiff was traveling approached the security stop at the South Barricade of the Cannon House Office Building.  Compl. ¶ 13; Def.'s Mem. to Dismiss/Stay at 3.

According to Plaintiff, after verifying the passengers' identities, Officer Humphrey motioned by hand to Ms. Bartheld to proceed through the barrier, at which point the security barrier was lowered and the light indicating access was activated.  Compl. ¶¶ 14, 15.  Plaintiff contends that after passing the first barrier, the vehicle was approaching the second barrier when Officer Humphrey used an unclear hand signal to inform Officer Moore to keep the second barrier lowered while the vehicle was proceeding.  *Id.* ¶ 18.  Officer Moore was responsible for raising and lowering the security barrier and was allegedly talking on a cell phone and "not paying full time and attention" to his duties while the vehicle was progressing through the barriers.  *Id.* ¶¶ 16, 18.  At the time the vehicle approached the second barrier, Officer Moore raised the security barrier, striking the front bumper and under carriage of the vehicle.  *Id.*  The collision resulted in the vehicle's airbags deploying, thereby injuring Plaintiff.  *Id.* ¶¶ 20–22; Def.'s Mem. to Dismiss/Stay. at 3–4 & Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 2-3)).  Plaintiff was taken to the George Washington University Medical Center with abrasions to his face and serious injury to his left eye.  *See* Def.'s Mem. to

Dismiss/Stay at Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 3)). Plaintiff states that his accident-related injuries are permanent and disabling, and that he continues to experience pain, suffering, and economic loss as a result. Compl. ¶¶ 22–23.

Defendant filed its Motion to Dismiss, or Alternatively, for a Stay, on October 14, 2005. Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or pursuant to Rule 12(b)(6) for failure to state claim upon which the Court may grant relief, premised upon the argument that Plaintiff, under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, must first file a grievance against the Government with the Secretary of Labor ("Secretary") prior to bringing suit in federal court. Alternatively, Defendant moves for a stay to provide Plaintiff an opportunity to file such a claim, pursuant to FECA, for injuries allegedly sustained. Plaintiff filed an Opposition on October 25, 2005. Defendant filed a Reply on November 28, 2005.

As part of Plaintiff's Opposition to Defendant's Motion, Plaintiff filed a Motion to Strike the Declaration of Edward G. Duncan, Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs, United States Department of Labor, which was attached as Exhibit 2 to Defendant's Motion to Dismiss/Stay. Defendant filed an Opposition to Plaintiff's Motion to Strike as part of its Reply to Plaintiff's Opposition on November 28, 2005.

## II: LEGAL STANDARDS

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing

*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  A court may appropriately dispose of a case

under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts

evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193,

198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152

n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion

to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v.*

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the

complaint and is central to plaintiff's claim, such a document attached to the motion papers may

be considered without converting the motion to one for summary judgment") (citing *Greenberg*

*v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation

when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff

should receive the benefit of all favorable inferences that can be drawn from the alleged facts.

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In spite of the

favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's

burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm*

*Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III: DISCUSSION

The Court shall begin its analysis by examining Defendant's motion that Plaintiff's

claims should be dismissed, or alternatively stayed, for lack of subject matter jurisdiction.  The

Court shall also discuss Plaintiff's contention that the Declaration of Edward G. Duncan should

be stricken.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction because Plaintiff's exclusive remedy for the injuries allegedly sustained is covered by the Federal Employees' Compensation Act ("FECA"). FECA provides a comprehensive range of benefits for work-related injuries for federal employees. *See* 5 U.S.C. § 8101, *et seq.* FECA is an exclusive remedy against the United States for a federal employee who has sustained personal injury "while in the performance of his duty." *See* 5 U.S.C. § 8102(a). FECA's exclusive liability provision was enacted to protect the government from suits brought under statutes that waive sovereign immunity, such as the Federal Tort Claims Act ("FTCA"). *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983); *see also Zellars v. United States*, No. Civ. A. 05–1670 (RBW), 2006 WL 1050673 at *2 (D.D.C. Apr. 20, 2006). As such, if FECA applies to a particular claim for injuries, a tort action brought against the United States arising out of the same injuries is preempted, and a federal court may not hear the case for lack of jurisdiction. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where . . . FECA applies"). Consequently, employees receive "immediate, fixed benefits, regardless of fault and without need for litigation," but, in exchange, lose the right to sue the government. *Lockheed Aircraft Corp.*, 460 U.S. at 194; *see* 5 U.S.C. § 8116(c).

In applicable cases, employees must bring a claim to the Secretary of Labor in lieu of filing a claim in federal court. The Secretary then determines whether the injury was sustained in the performance of the employee's duties and whether the employee is eligible for relief regardless of fault. *See* 5 U.S.C. §§ 8102(a), 8124, 8146. The Secretary is vested with the power to resolve any substantial questions regarding the scope and applicability of FECA coverage to a

particular dispute, and that decision is not subject to review by any court.  *See Daniels-Lumley v. United States*, 306 F.2d 769, 770 (D.C. Cir. 1962) (finding that all questions under FECA are committed to the Secretary and his decisions may not be reviewed by any court); *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998) (holding that FECA vests the Secretary with final and non-reviewable power to resolve any disputes regarding FECA coverage).  As such, the question of whether an injury was sustained in the performance of an employee's duties is committed exclusively to the Secretary, and it would be inappropriate for a court to "make any specific findings as to whether the plaintiff's claims fall within the scope of the FECA."  *Zellars*, 2006 WL 1050673 at *3.  Therefore, only if a court finds that a plaintiff's injuries are clearly not compensable under FECA, and it is therefore certain that the Secretary would not find coverage, may the court consider the matter on the merits.  Otherwise, the Secretary "must be given the primary opportunity to rule on the applicability of the Act to this case."  *Daniels-Lumley*, 306 F.2d at 771; *see also White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) (concluding that court must "essentially decide as a matter of law that . . . the Secretary could not find FECA coverage" to have jurisdiction over the case) (internal quotation omitted).

In order for FECA to govern Plaintiff's claim, the injuries alleged must be "sustained while in the performance of [the employee's] dut[ies]."  5 U.S.C. § 8102(a).  Plaintiff's injuries would arise in the performance of his duties if they are related to a special zone of danger created by an obligation or condition of employment.  *See O'Leary v. Brown-Pacific-Maxon*, 340 U.S. 504, 506–07 (1951). Various circuits have considered different factors to determine whether an injury was sustained in the course of employment and would therefore qualify for coverage under FECA, taking into account whether a federal employee was injured on government property ("the

premises rule"), whether the injury was sustained during working hours, and whether the injury resulted from activity incidental to employment. *Compare White*, 143 F.2d at 234 (applying "premises rule" in finding a substantial question of FECA coverage), *with Bruni II. v. United States*, 964 F.2d 76, 79 (1st Cir. 1992) (utilizing "totality of the circumstances" test to determine whether employee's injury arose from "special zone of danger" created by employment).

This circuit has held that courts should not resolve the question of whether a particular injury was sustained in the performance of an employee's duties, instead finding that such responsibility lies exclusively with the Secretary, such that a court may render judgment on this question only if it is clear that the injury is not covered by FECA. *See Daniels-Lumley*, 306 F.2d at 770 ("Decision of that question and all questions under the Act is committed by the Act to the Secretary of Labor"); *Zellars*, 2006 WL 1050673 at *3; *Kalil v. Johanns*, 407 F. Supp. 2d 94, 100 (D.D.C. 2005) (holding that a tort claim "not properly before this Court unless and until" the Secretary determines that such claim is not covered by FECA). If a plaintiff does bring a tort claim in federal court while a substantial question of whether plaintiff is outside the scope of the FECA exists, the court should stay its proceedings because a decision by the Secretary of Labor as to FECA coverage is a "condition precedent to the continued prosecution of this suit." *Daniels-Lumley*, 306 F.2d at 771 n.3. *See also Merricks v. Henderson*, Civ. A. No. 88-2405-OG, 1989 WL 15851 at *2 (D.D.C. Feb. 13, 1989) (finding it "proper . . . to stay further proceedings in this case until the availability of relief under FECA can be determined") (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973)). *See also Tarver v. United States*, 25 F.3d 900, 902-03 (10th Cir. 1994) ("the court must stay its proceedings pending the final decision of the Secretary of Labor regarding FECA coverage.").

In the instant case, Defendant argues that because Plaintiff was returning to his office in his capacity as a government employee and was on government premises, a substantial question regarding FECA coverage is present, and therefore, the federal courts must abstain from further action on the claim until the Secretary makes a pertinent determination. Def.'s Mem. to Dismiss/Stay at 7–8. Plaintiff agrees with Defendant's argument that FECA is the exclusive remedy for injuries sustained in the performance of federal employment duties, but argues that Plaintiff was not performing his duties as a United States employee at the time of the incident. Pl.'s Opp'n at 3–6. Plaintiff argues that there is no "causal relationship" between Plaintiff's government employment and the injuries he sustained because Plaintiff was merely in a vehicle as a passenger and had not yet made it through the security point. *See id.* at 6.

In light of precedent in the instant circuit declining to resolve questions of FECA coverage, the Court finds persuasive the findings of the Employment Compensation Appeals Board ("ECAB") in the matter of *Anneliese Ross*, 42 E.C.A.B. 371 (1991). In that case, the Secretary found that FECA covered a civilian military employee injured in a crash while traveling to work on a road within the employer's premises. *Ross*, 42 E.C.A.B. at 374. The ECAB held that

> In the compensation field, to occur in the course of employment, in general, an injury must occur (1) at a time when the employee may reasonably be said to be engaged in his or her master's business; (2) at a place where he or she may reasonably be expected to be in connection with the employment; and (3) while he or she was reasonably fulfilling the duties of his or her employment or engaged in doing something incidental thereto.

*Ross*, 42 E.C.A.B. at 373 (internal quotation omitted).

Considering the three factors outlined in *Ross*, based upon which the Secretary found

FECA coverage in that case, the facts asserted here by Plaintiff raise a substantial question of whether he was engaging in the performance of his employment duties. It can be argued that Plaintiff was returning to his work in that he was traveling to his office and had been granted passage through the security barrier onto the property of his employer after presenting identification associated with his employment. Compl. ¶¶ 12, 14, 15, 18. It is unclear from the Complaint whether his speech related to his position as a legislator. Under these circumstances, the Court cannot conclude with certainty that the Secretary would find that FECA does not apply. *See Daniels-Lumley*, 306 F.2d at 771. Therefore, the Court finds that the Secretary "must be given the primary opportunity to rule on the applicability of the Act to this case," *id*., and will not entertain Plaintiff's FTCA claim "without the employee first submitting the claim to the Secretary," *White*, 143 F.3d at 234.[1]

The Court is not inclined to grant Defendant's motion to dismiss Plaintiff's FTCA claim, and instead shall stay the proceedings before this Court to allow the Plaintiff an opportunity to

---

[1] At this juncture, and via footnote for clarity within the context of the Court's discussion of the pending Motion to Dismiss or Stay, it is appropriate for the Court to address [8] Plaintiff's Motion to Strike the Declaration of Edward G. Duncan, Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs, United States Department of Labor ("Duncan Decl."). In the context of Defendant's Rule 12(b)(1) Motion to Dismiss or Stay, Defendant attached the Declaration of Mr. Duncan, in which Mr. Duncan states that he has reviewed the Complaint filed in the instant case and issued an attached opinion based on the factual statements and documents provided to him by the Defendant and concluded that "there is a significant possibility that a claim by plaintiff" would be covered under FECA. Def.'s Mem. to Dismiss/Stay at 6–7 & Ex. 2 (Duncan Decl.). The Declaration does not clarify what Mr. Duncan's actual role is in making FECA-coverage determinations at the Department of Labor, and the attached opinion is based on his conclusions drawn from facts as iterated in the Complaint. Regardless, the Court can independently conclude from its review of the Complaint that FECA coverage cannot be definitively ruled out in the instant case. The Court need not look to Duncan's Declaration or opinion, as it can draw its own conclusions in this regard. Accordingly, the Court shall strike the Duncan Declaration as unnecessary for the Court to consider in order to resolve the pending Motion to Dismiss/Stay.

file his FECA claim with the Department of Labor. The Supreme Court has indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254–55 (1936). By staying this action, the Court avoids running the statute of limitations for actions brought under the FTCA and leaving Plaintiff without remedy.[2] *See Farley*, 162 F.3d at 616.

In the instant case, Plaintiff filed his complaint against Defendant on July 18, 2005, within two years of the date of the incident, July 23, 2003. *See* Compl. ¶ 12. If after Plaintiff submits his claim to the Department of Labor, the Secretary then determines that Plaintiff's claim is covered by the FECA, that decision is binding on the Court such that the instant action would be dismissed upon notice to the Court. *See Daniels-Lumley*, 306 F.2d at 770; *see also McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992) ("if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded."). However, if the Secretary finds that Plaintiff was not acting within the scope of his employment, and he therefore is entitled to bring an FTCA claim, a dismissal at the current juncture would unduly prejudice Plaintiff because any claim brought by him after the Secretary's decision would exceed the two-year statute of limitations, as set forth in 28 U.S.C. § 2401(b), leaving the Court without power to grant any relief. *See, e.g., Concordia v. U.S. Postal Serv.*, 581 F.2d 439, 444 (5th Cir. 1978) (finding that

---

[2] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

the district court should hold an FTCA claim in abeyance pending the Secretary's FECA

coverage decision to avoid running the statute of limitations); *Tarver*, 25 F.3d at 902-03.

Therefore, the Court shall deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), but

grant Defendant's alternate Motion for a Stay pending Plaintiff's pursuit of his claim in

accordance with FECA.  *See Merricks v. Henderson*, Civ.A.No. 88-2405-OG, 1989 WL 15851,

at *2 (D.D.C. Feb. 13, 1989) (proper to stay further proceedings in this case until "availability of

relief under FECA can be determined") (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir.

1973)).

The Court notes that Defendant also moves to dismiss Plaintiff's claims pursuant to Rule

12(b)(6), arguing that Plaintiff failed to state a claim upon which the Court may grant relief.  *See*

Def.'s Mem. to Dismiss/Stay at 1.  In light of the above discussion resolving Defendant's Motion

pursuant to Rule 12(b)(1), thereby staying the instant case, the Court need not consider

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's Motion for a Stay, deny

without prejudice Defendant's Motion to Dismiss, and grant Plaintiff's Motion to Strike.  An

Order accompanies this Memorandum Opinion.


Date:   June 22, 2006

                                    _____
                                                /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge