UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN,            )<br>                                          )<br>         Plaintiff              )<br>                                          )   Civil Action No. 05-1418(CKK)<br>    v.                                  )<br>                                          )<br>UNITED STATES OF AMERICA, )<br>                                          )<br>         Defendant.         )<br>                                          ) | |

**DEFENDANT UNITED STATES' RENEWED MOTION TO DISMISS[1]**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant United States respectfully moves to dismiss this suit brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for lack of subject matter jurisdiction or failure to state a claim upon which the Court may grant relief.

On or around November 26, 2006, the Secretary of Labor accepted plaintiff's claim filed pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq. Plaintiff, a Member of Congress representing the State of Oklahoma, was injured when the air bag in the vehicle in which he was a passenger deployed after a security barrier near the Cannon House Office Building was suddenly raised hitting the vehicle. Given that the Secretary has determined that the FECA applies, and because the FECA's remedial scheme is exclusive, this Court lacks jurisdiction over plaintiff's FTCA

---

[1] Although defendant anticipated filing this Motion on February 28, 2007 as stated in the parties' recent Joint Status Report (R. 22), it was unable to do so because of the considerable work-related demands on its counsel.

claim, and thus, this suit must be dismissed.  See Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991).

A memorandum of points and authorities, and a proposed order consistent with this Motion are attached hereto.

Filed: March 7, 2007　　　　　　　　Respectfully Submitted,

/s/ Jeffrey A. Taylor /mj

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia
555 4th Street, N.W., Rm. E4915
Washington, D.C.  20530
Ph:  (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN, )<br>)<br>Plaintiff )<br>) Civil Action No. 05-1418(CKK)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendants. )<br>) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED STATES' RENEWED MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure, defendant United States of America, moves to dismiss this suit for lack of subject matter jurisdiction or failure to state a claim. Defendant's reasons for bringing this motion are set forth below.

**ARGUMENT**

Plaintiff, a Congressional representative from the First District of Oklahoma, alleges that, on Wednesday, July 23, 2003 at approximately 1:00 pm, he was injured when a security barrier at the Cannon House Office Building was improperly raised striking the car in which he was a passenger causing the air bags to deploy. R. 6, Def.'s Mot. Dismiss, or Alternatively, for a Stay (Ex. 1, Claim for Damage, Injury, and Death (Supplemental Statement, First Page)). A member of plaintiff's staff was the driver of the vehicle. Id.

In his complaint, plaintiff states that he maintains a business address at 114 Cannon House Office Building, Washington, D.C. and that, at the time of the accident, he was "returning from a speech given to a private group in Georgetown, Washington, D.C." Compl. ¶¶ 1 and 12.  Plaintiff claims that he "suffered serious injury to his left eye directly and proximately caused by the raising of the security barrier."  Id. ¶ 20.

On October 14, 2005, defendant moved to dismiss this suit brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., because plaintiff's complaint suggested that the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq. applied to plaintiff's claims.  Because the FECA provides a comprehensive and exclusive remedial scheme for plaintiff's claims, defendant argued that plaintiff's FTCA suit was barred on jurisdictional grounds.  See 5 U.S.C. § 8116.

Alternatively, defendant argued that the case should be stayed to provide the Secretary of Labor an opportunity to make a determination on any claim for benefits that plaintiff might file given that the facts and circumstances presented in this case demonstrated that there was a substantial question on whether plaintiff was injured in the course of employment triggering the FECA's exclusive remedial scheme.  Significantly probative was plaintiff's assertions that he (1) was an "an employee of the United States," (2) was returning to work after giving a speech to a private group of citizens in Georgetown, Washington, D.C., and (3) was at a security check point at the Cannon House Office Building when the incident serving as the basis of his Complaint occurred. R. 7, Pl.'s Op. to Def.'s Mot. Dismiss, or Alternatively, for a Stay, at 6; Pl.'s Compl. ¶¶ 1

and 12; R. 6, Def.'s Mot. Dismiss, or Alternatively, for a Stay, Ex. 1, Claim for Damage, Injury, and Death (Supplemental Statement, First Page).

On June 22, 2006, this Court denied without prejudice defendant's Motion to Dismiss, but granted defendant's motion to stay. The Court provided plaintiff until August 3, 2006 to file a grievance with the Secretary of Labor, and further stated that, if after plaintiff makes such a submission, the Secretary determined that plaintiff's claim was covered by the FECA, that decision would be binding on the Court such that the instant action would be dismissed upon notice to the Court. R. 15, Order; R. 16, Sullivan v. United States of America, Civil Action No. 05-1418(CKK)(D.D.C.)(mem. op. at 10).

On November 28, 2006, the U.S. Department of Labor accepted plaintiff's FECA claim. See Def.'s Ex. 2, Letter from Charmayne Browne to the Honorable John Sullivan, Nov. 28, 2006 (attached hereto). Accordingly, consistent with this Court's June 22, 2006 memorandum opinion, the FECA and pertinent case law, this suit should be dismissed. See, e.g. Spinelli v. Goss, 446 F.3d 159, 160-61 (D.C. Cir. 2006); Zellars v. United States, No. Civ. A. 05-1670(RBW), 2006 WL 1050672, *2-3 (D.D.C. April 20, 2006). Notably, this Court, relying on the Supreme Court's decision in Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991), stated in its memorandum opinion, ". . .if FECA applies to a particular claim for injuries, a tort action brought against the United States arising out of the same injuries is preempted, and a federal court may not hear the case for lack of jurisdiction." Sullivan, Civil Action No. 05-1418(CKK)(D.D.C.)(mem. op. at 5).

3

Filed: March 7, 2007

Respectfully Submitted,

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia
555 4th Street, N.W., Rm. E4915
Washington, D.C.  20530
Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Defendant's Renewed Motion to Dismiss*

was made, this 7th day of March, 2007, by the Court's Electronic Case Filing System to:

Patricia M. Thornton
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770

Brad D. Weiss
Charapp & Weiss, LLP
8300 Greensboro Drive, Suite 200
McLean, Virginia 22102

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney