UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN SULLIVAN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 05-1418 (CKK)

**MEMORANDUM OPINION**
(April 13, 2007)

Plaintiff John Sullivan, a member of Congress representing the First District of Oklahoma, filed this action on July 18, 2005, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (2000), for injuries to Plaintiff arising from one count of negligence and one count of *res ipsa loquitur* negligence by Defendants Renoard Moore, Scott Humphrey, and the United States of America. Defendants Moore and Humphrey have been replaced as Defendants by the United States. *See dkt. entry* [5] (Notice of Substitution of the United States as Sole Defendant). The case is currently stayed. Presently before the Court is [23] Defendant United States' Renewed Motion to Dismiss, filed on March 7, 2007. On March 19, 2007, Plaintiff filed an Opposition. Based on the aforementioned filings, the relevant statutes and case law, and the history of the case, the Court shall GRANT [23] Defendant United States' Renewed Motion to Dismiss, and DISMISS the instant case.

**I: BACKGROUND**[1]

---

[1] To provide context, the Court will repeat the facts as set forth in its [16] Memorandum Opinion on Defendant's original Motion to Dismiss. *See* [16] Mem. Op. at 2-3.

On July 23, 2003, at approximately 1:00 p.m., Plaintiff was a passenger in a vehicle driven by Elizabeth Bartheld, a member of his staff. Compl. ¶ 12; Def.'s Mem. to Dismiss/Stay at 3–4 & Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 1)). Plaintiff states that he was returning to the Cannon House Office Building, where he has an office, after giving a speech to a private group in Georgetown in Washington, DC. Compl. ¶¶ 1, 12, 14. The vehicle in which Plaintiff was traveling approached the security stop at the South Barricade of the Cannon House Office Building. Compl. ¶ 13; Def.'s Mem. to Dismiss/Stay at 3.

According to Plaintiff, after verifying the passengers' identities, Officer Humphrey motioned by hand to Ms. Bartheld to proceed through the barrier, at which point the security barrier was lowered and the light indicating access was activated. Compl. ¶¶ 14, 15. Plaintiff contends that after passing the first barrier, the vehicle was approaching the second barrier when Officer Humphrey used an unclear hand signal to inform Officer Moore to keep the second barrier lowered while the vehicle was proceeding. *Id*. ¶ 18. Officer Moore was responsible for raising and lowering the security barrier and was allegedly talking on a cell phone and "not paying full time and attention" to his duties while the vehicle was progressing through the barriers. *Id*. ¶¶ 16, 18. At the time the vehicle approached the second barrier, Officer Moore raised the security barrier, striking the front bumper and under carriage of the vehicle. *Id*. The collision resulted in the vehicle's airbags deploying, thereby injuring Plaintiff. *Id*. ¶¶ 20–22; Def.'s Mem. to Dismiss/Stay. at 3–4 & Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 2-3)). Plaintiff was taken to the George Washington University Medical Center with abrasions to his face and serious injury to his left eye. *See* Def.'s Mem. to Dismiss/Stay at Ex. 1 (Claim for Damage, Injury, and Death (Supplemental Statement at 3)).

Plaintiff states that his accident-related injuries are permanent and disabling, and that he continues to experience pain, suffering, and economic loss as a result. Compl. ¶¶ 22–23.

Defendant filed its original Motion to Dismiss, or Alternatively, for a Stay, on October 14, 2005. Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or pursuant to Rule 12(b)(6) for failure to state claim upon which the Court may grant relief, premised upon the argument that Plaintiff, under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, must first file a grievance against the Government with the Secretary of Labor ("Secretary") prior to bringing suit in federal court. Alternatively, Defendant moved for a stay to provide Plaintiff an opportunity to file such a claim, pursuant to FECA, for injuries allegedly sustained.

On June 22, 2006, the Court issued an Order and Memorandum Opinion, denying without prejudice Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) but granting Defendant's Motion for a Stay. The Court indicated that

> [i]f after Plaintiff submits his claim to the Department of Labor, the Secretary then determines that Plaintiff's claim is covered by the FECA, that decision is binding on the Court such that the instant action would be dismissed upon notice to the Court. *See Daniels-Lumley* [*v. United States*], 306 F.2d [769,] 770 [(D.C. Cir. 1962)]; *see also McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992) ("if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded.").

[16] Mem. Op. at 10.

On February 7, 2007, a [22] Joint Status Report was filed, indicating that "[t]he Department of Labor on November 13, 2006, notified Plaintiff that his claim pursuant to FECA was accepted. Pursuant to this notification, Plaintiff timely submitted his claims for compensation." [22] Joint Status Report at 1.

On March 7, 2007, Defendant filed [23] Defendant United States' Renewed Motion to Dismiss, which is presently pending before the Court. Defendant argues that because "[o]n November 28, 2006, the U.S. Department of Labor accepted plaintiff's FECA claim[,]" "[a]ccordingly, consistent with this Court's June 22, 2006 memorandum opinion, the FECA and pertinent case law, this suit should be dismissed." Def.'s Renewed Mem. to Dismiss at 3. Defendant attaches to its Motion to Dismiss a letter from the U.S. Department of Labor dated November 28, 2006, indicating that Plaintiff's "timely claim under the Federal Employees' Compensation Act (FECA) for injuries to [Plaintiff's] left eye on July 23, 2003 has been accepted." *Id.*, Ex. 1 (Letter granting FECA coverage).

On March 19, 2007, Plaintiff filed [24] Plaintiff's Response to Defendant's Renewed Motion to Dismiss. In Plaintiff's Response, Plaintiff indicates that as "Plaintiff has not received a penny to date,"

> Plaintiff does not object to dismissal of this matter without prejudice. Plaintiff does object to Defendant's request that this matter be dismissed with prejudice. In the event that Plaintiff's claims are not paid, or later denied, Plaintiff does not want this dismissal to prejudice him in any way.

[24] Pl.'s Response at 1. Plaintiff does not cite to any case law or present any legal reason why it would be appropriate for the Court to dismiss this matter without prejudice. Defendant has not filed a Reply to date.

## II: LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)). A court may appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). *See also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

**III: DISCUSSION**

The Court shall grant Defendant's Renewed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), as the Court does not have jurisdiction over Plaintiff's claim, which has been certified by the United States Department of Labor "as covered under the FECA." Def.'s Renewed Mem. to Dismiss, Ex. 1 (Letter granting FECA coverage). FECA is an exclusive remedy against the United States for a federal employee who has sustained personal injury "while in the performance of his duty." *See* 5 U.S.C. § 8102(a). Where FECA applies to a particular claim for injuries, a tort action brought against the United States arising out of the same injuries is preempted, and a federal court may not hear the case for lack of jurisdiction: "'FECA contains an "unambiguous and comprehensive" provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over [Tort Claims Act] claims where the Secretary determines that FECA applies.'" *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006) (quoting *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486, 493, 116 L. Ed. 2d 405 (1991)).

In this case, the Secretary's designee has affirmatively determined that Plaintiff's "timely claim under the Federal Employees' Compensation Act (FECA) for injuries to [Plaintiff's] left eye on July 23, 2003 has been accepted." *Id.*, Ex. 1 (Letter granting FECA coverage) ("Under these circumstances, I find that the evidence of record establishes that your injuries occurred on the premises of your employing agency while you were reporting to work and your injuries occurred in the performance of duty and are therefore covered under the FECA."). The Secretary's decision is not subject to review by any court. *See* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is–(1)

final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."). Notwithstanding Plaintiff's statement that "Plaintiff has not received a penny to date," see Pl.'s Response at 1, the Court does not have any authority to question the Secretary's designation or the manner in which the Secretary issues an award to Plaintiff under FECA. *See Spinelli*, 446 F.3d at 161 ("It is also irrelevant that . . . [plaintiff] has received no compensation for his PTSD. He has received reimbursement for the medical expenses related to his PTSD because the Secretary determined that FECA covered his condition. That determination is the conclusive consideration."). *See also McDaniel*, 970 F.2d at 198 ("if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded."). While Plaintiff argues that his claims should be "dismissed without prejudice," he offers no legal basis for doing so, particularly considering that his claims can no longer be heard in any federal court. Accordingly, the Court shall dismiss Plaintiff's action with prejudice.

### IV: CONCLUSION

For the reasons set forth above, the Court shall GRANT [23] Defendant United States' Renewed Motion to Dismiss, and DISMISS the instant case. An Order accompanies this Memorandum Opinion.

Date: April 13, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　United States District Judge